IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO P. GARCIA,        ) | 1:11-CV-1400 AWI JLT |
| ) | |
| Plaintiff,     ) | ORDER REQUESTING THE |
| ) | BANKRUPTCY TRUSTEE TO |
| v.                 ) | STATE WHETHER THE |
| ) | BANKRUPTCY TRUSTEE |
| INDYMAC BANK, FSB, et al.,   ) | AGREES THIS ACTION SHOULD |
| ) | BE DISMISSED AND STAYING |
| Defendants.    ) | ACTION FOR THIRTY DAYS |
| ) | |

## BACKGROUND

In this action, Plaintiff has filed a verified complaint setting forth 26 causes of action pertaining to a deed of trust encumbering real property, notices of default, assignments, and the sale of property. On September 7, 2011, Defendants filed a motion to dismiss. The court took the motion to dismiss under submission.

On November 11, 2011, Plaintiff filed a notice of bankruptcy.

On December 6, 2011, Plaintiff filed a request for dismissal of this action.

## DISCUSSION

Generally, Rule 41(a)(1) of the Federal Rules of Civil Procedure allows a plaintiff to voluntarily dismiss an action before the opposing party serves an answer or motion for summary judgment. However, in this action, Plaintiff has filed for bankruptcy. Upon filing a petition for bankruptcy, a debtor's legal or equitable interests in all property becomes the property of the bankruptcy estate, subject to limited exceptions. 11 U.S.C. § 541(a). Section 541's scope is

broad and includes causes of action based on events that occurred prior to the filing of a bankruptcy petition.  <u>Turner v. Cook</u>, 362 F.3d 1219, 1226 (9th Cir. 2004); <u>Sierra Switchboard Co. v. Westinghouse Elec. Corp.</u>, 789 F.2d 705, 707 (9th Cir. 1986).   The Bankruptcy Trustee, as the representative of the bankruptcy estate, is the proper party in interest, and the Bankruptcy Trustee is the only party with standing to prosecute, dismiss, or settle causes of action belonging to the estate.  See   <u>In re Eisen</u>, 31 F.3d 1447, 1451 n. 2 (9th  Cir. 1994); <u>Sierra Switchboard Co.</u>, 789 F.2d at 709-10;  <u>see also</u> 11 U.S.C. § 323.

In light of Plaintiff's bankruptcy filing, it is unclear if Plaintiff can dismiss this action pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.  As such, the court will stay this action for thirty days to allow the Bankruptcy Trustee to inform the court whether the Trustee intends to continue with this action as an asset of Plaintiff's bankruptcy estate.

**ORDER**

Accordingly, the court ORDERS that:

1. Plaintiff's notice of dismissal and Defendants' motion to dismiss is STAYED for thirty days;
2. Unless the Bankruptcy Trustee files a notice to substitute into this action, the court will dismiss the action based on Plaintiff's request; and
3. The Clerk of the Court is DIRECTED to serve a courtesy copy of this order on the Eastern District of California's Bankruptcy Court and the Bankruptcy Trustee of the Eastern District of California with reference to Bankruptcy Case Number 11-18406-B-13.

IT IS SO ORDERED.

Dated:   December 20, 2011

CHIEF UNITED STATES DISTRICT JUDGE

2